# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| REGINALD BALL, | CV-21-90-H-SEH |
| Plaintiff, | |
| vs. | ORDER |
| SGT. C. SPOON and OFFICER WARE, | |
| Defendants. | |

Plaintiff Reginald Ball, proceeding pro se, has alleged violations of First Amendment rights, has moved to proceed in forma pauperis,[1] and to have the case filed under seal.[2] The Complaint fails to state a claim for federal relief and shall be dismissed.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff's motion to proceed in forma pauperis is granted. Plaintiff must pay

---

[1] Doc. 3; Doc. 2.
[2] Doc. 1.

the statutory filing fee of $350.00, which may be paid in monthly installments.[3]
The Court will direct the agency having custody of Plaintiff to forward monthly
payments of 20% of the preceding month's income credited to Plaintiff's
institutional account to the Clerk of Court each time the account balance exceeds
$10.00, until the filing fee is paid in full.[4]

## MOTION TO SEAL

Ball seeks to file the matter under seal due to concerns about his personal
safety.[5] In the Ninth Circuit, "we start with a strong presumption in favor of access
to court records."[6] The fact that the production of records may lead to a litigant's
embarrassment, incrimination, or exposure to further litigation will not compel the
court to seal its records.[7] "After taking all relevant factors into consideration, the
district court must base its decision on a compelling reason and articulate the
factual basis for its ruling, without relying on hypothesis or conjecture."[8]

---

[3] 28 U.S.C. § 1915(b)(2).
[4] 28 U.S.C. § 1915(b)(2).
[5] Doc. 1.
[6] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
[7] *Foltz*, 331 F.3d at 1136.
[8] *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Compelling reasons sufficient to outweigh the public's interest in disclosure have not been shown. The motion to seal will be denied.

## STATEMENT OF THE CASE

Ball is a prisoner incarcerated at Montana State Prison ("MSP"). His Complaint alleges harassment by defendants in retaliation for his complaints against them.[9]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The Court has reviewed Ball's Complaint under 28 U.S.C. §§ 1915 and 1915(A) which require the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Rule 8 F. R. Civ. Pro. provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."[10] The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[11]

---

[9] Doc. 3-1 at 3-7.
[10] Fed. R. Civ. P. 8(a)(2).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Pro se filings are "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[12] The Court must also determine whether the complaint states a "plausible" claim for relief.[13] A claim is "plausible" if factual allegations, accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

## ANALYSIS

1. "A prisoner suing prison officials under section 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline."[15]

2. "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

---

[12] *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").
[13] *Iqbal*, 556 U.S. at 679.
[14] *Id.* at 678.
[15] *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir.2003) (citations and internal quotations omitted).

4

inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[16]

3. Retaliation is not established simply by showing adverse activity by a defendant after protected speech. In addition, the plaintiff must show a nexus between the protected speech and the adverse activity.[17] "A plaintiff's belief that a defendant acted from an unlawful motive, without evidence supporting that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive."[18]

4. Ball, claimant, must show that the alleged retaliation was a "substantial" or "motivating" factor in the decision resulting in the adverse action.[19] He also must prove the absence of legitimate penological reasons for the alleged retaliatory conduct.[20]

Ball's Complaint does not state a claim of retaliation. He does not allege any facts regarding his protected First Amendment conduct, other than to say that he

---

[16] *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).
[17] *Huskey v. City of San Jose*, 204 F. 3d 893, 899 (9th Cir. 2000).
[18] *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001).
[19] *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1315 (9th Cir.1989) (citation omitted).
[20] *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

has made informal complaints about Defendant Spoon.[21] He has not sufficiently alleged any "adverse action" other than a bald conclusion. Facts that demonstrate that First Amendment conduct was chilled have not been pleaded and a claim of retaliation has not been pleaded.

Ball has failed to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[22]

A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[23] Exhaustion is mandatory.[24] "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim."[25]

---

[21] Doc. 3-1 at 3.
[22] 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).
[23] *Woodford v. Ngo*, 548 U.S. 81, 93 - 97 (2006).
[24] *Booth*, 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007).
[25] *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

Ball acknowledges that he has not exhausted MSP's grievance procedure.[26] In such case, this Court is not appropriate as a forum for relief. The Complaint must be dismissed. Moreover, Ball fails to allege facts regarding Defendant Ware; no claim against Ware is stated.

**ORDERED:**

1.  Plaintiff's motion to proceed in forma pauperis is GRANTED.[27] The Clerk of Court shall remove "Lodged" from the Complaint.

2.  Plaintiff's motion to seal is DENIED.

3.  The case is DISMISSED for failure to state a federal claim.

4.  The Clerk of Court is directed to close the file and enter judgment under Rule 58 of the F. R. Civ. P.

5.  The Clerk of Court is directed to have the docket reflect that the Court certifies that any appeal of this decision would not be taken in good faith.

DATED this _13th_ day of January, 2022.

Sam E. Haddon
United States District Court Judge

---

[26] Doc. 3 at 2.
[27] Doc. 1.

7